## Nichols & Shepard Co. v. Cunningham *et al.*

1. Laws 1862, p. 474, c. 84, authorized the district court, on application of the proprietor of any town, to vacate the same, on a previous notice in writing having been posted in at least two public places in the county, and a copy thereof inserted in a newspaper printed in the county at least 40 days prior to the sitting of the court at which the appplication is to be made, and declared that, if the applicant should produce satisfactory evidence that such notice has been given, the court should proceed to hear and determine the matter and vacate the town. Held, that where a judgment vacating a town plat recited that satisfactory legal evidence of the posting and publication of the notice had been produced, it would be presumed in a subsequent proceeding, in the absence of evidence to the contrary, that the notice was properly posted and published.

2. The act required but one publication of the notice.

3. Code 1877, c 38, § 8 re-enacting Laws 1874—75, p. 164, § 37, provided that a homestead exemption within a town plat should not exceed one acre in extent, and, if not within a town plat, the exemption should not embrace, in the aggregate, more than 160 acres; and Act 1890, amending such homestead law, provides that nothing therein shall be construed to impair the obligation of existing contracts, or reduce the exemption, as far as existing contracts are concerned, and that conflicting acts shall be repealed, except as to contracts existing and as to indebtedness incurred thereunder, etc. Held that, as against an indebtedness created in 1878, the homestead rights of the debtor were governed by Laws 1874-75.

(Opinion filed April 7, 1903.)

Appeal from Circuit Court, Minnehaha County. Hon. Joseph W. Jones, Judge.

Action by the Nichols & Shepard Company against C. P. Cunningham, impleaded with W. H. Dockstader. From a judgment in favor of defendant Cunningham, plaintiff appeals. Affirmed.

*Joe Kirby,* for appellant.

*George Rice* and *Aikens & Judge,* for respondent.

Haney, P. J.  The object of this action is to subject certain real property owned by defendant Cunningham to the payment of a judgment for the recovery of money obtained by the plaintiff against one Eli F. Metcalf, since deceased. The circuit court having decided in favor of defendant Cunningham, and denied a motion for a new trial, the plaintiff appealed.

The decision of the lower court is as follows: "(1) That plaintiff is, and at all the times mentioned in the complaint was, a corporation. (2) That on July 5, 1894, plaintiff recovered judgment in this court against Eli F. Metcalf for the sum of $1,256. (3) That said Eli F. Metcalf on or about January 1, 1900, died intestate, and that no administrator was ever appointed, and no administration of his estate had ever been had, and no proof was ever introduced showing or tending to show that said judgment described in finding 2 is an existing claim against the estate of said Eli F. Metcalf, deceased, as provided in subdivision 2 of section 5803 of the Complied Laws of 1887, of this state. (4) That the judgment referred to in finding 1 hereof was predicated upon a judgment obtained by Nichols, Shepard & Co. in the district court of Yankton county, territory of Dakota (being in the Second Judicial District of said territory), against said Eli F. Metcalf, on the 26th day of August, 1882, for $1,629; said judgment having been assigned prior to July, 1894, to plaintiff by said judgment creditors. (5) That said judgment of Nichols, Shepard & Co., obtained in the Yankton district court against said Eli F. Metcalf, was predicated upon an indebtedness of said Metcalf creat-

-ed in the year 1878.   (6) That said Eli F. Metcalf obtained from the United States of America on or about the first day of November, 1873, a patent conveying to him a tract of land in which was embodied the premises described in paragraph 4 of the complaint herein.   (7) That from and after the 12th day of June, 1874, and until his death, said Eli F. Metcalf held and occupied the premises, and the whole of the premises, describ- ed in paragraph 4 of said complaint, as his homestead, living thereupon with his wife, who survives him, until the convey- ance thereof to his son Will S. Metcalf, as alleged in said com- plaint, and that subsequent to said conveyance he also resided up- on said property.   (8) That on or about September 9, 1896, the said Will S. Metcalf and his wife conveyed the premises de- scribed in paragraph 6 of the complaint to defendant Dock- stader, and on or about the 3d day of February, 1900, said Will S. Metcalf and his wife conveyed to defendant Cunniugham the premises described in paragraph 7 of the complaint herein. From the foregoing findings of fact, the court makes and or- ders filed the following conclusions of law: (1) That, there hav- ing been no administration upon the estate of Eli F. Metcalf, deceased, and no adjudication or allowance of the judgment as a claim against decedent, there was no legal proof of the ex- istence of any such claim, and this action cannot, therefore, be maintained.   (2) That the judgment in the findings of fact and complaint described never became a lien upon the premises, or any part or parcel of the premises, described in the complaint, for the reason that the same were a part and parcel of the le- gal homestead of Eli F. Metcalf and wife, and were conse- quently exempt therefrom at the time of the rendition,  entry, and docketing of said judgment, and being so exempt, and

there having been no subsequent abandonment by said Eli F. Metcalf, he conveyed the same to his son W. S. Metcalf free from any judgment lien; and the defendant Cunningham acquired a like free and unincumbered title. from his grantors, Will S. Metcalf and wife. (3) That said defendant Cunningham is entitled to a judgment herein declaring the judgment mentioned in the complaint not to be a lien upon his property described in the complaint, and forever restraining plaintiff, its successors, agents, attorneys, or assigns, from asserting any claim or lien upon such property as against said defendant Cunningham, his heirs, executors, administrators, or assigns; . also for a dismissal of the complaint, and for his costs and disbursements. (4) That conclusions 2 and 3 are based upon the counterclaim interposed in this action by the defendant."

It is contended that the circuit court erred in deciding that Eli Metcalf held and occupied the premises in controversy as his homestead from June 12, 1874, until he conveyed the same to his son, and that plaintiff's judgment never became a lien thereon. Plaintiff having shown that a tract of land, including the premises involved in this action, was surveyed and platted as the town of Dell City in 1872, defendants offered in evidence a petition to the district court, signed by Eli F. Metcalf, asking to have such plat or town site vacated, a notice of his application, and affidavit showing that such notice was published in a weekly newspaper in the issues of April 2d, 9th, 16th, 23d, 30th, May 7th, and 14th, 1874. Indorsed upon or attached to this petition was the following judgment of the district court: "And now, June 12, 1874, the within petition presented in open court, and satisfactory evidence being produced that legal notice has been given, and after hearing, it is ordered, ad-

judged, and decreed (no one appearing to oppose) that the prayer of said petitioner be granted, and that the plat of said town or town site be vacated." To this offer plaintiff objected as incompetent, for the reason that it does not appear that prior notice of said vacation was ever given, in that there is no proof that notice in writing of such intended application was posted in at least two of the most public places in the county wherein this Dell City was situated, viz., Minnehaha county, and it does not appear that publication of the notice of said application was given for a period of 40 days prior to the sitting of the term of court at which the application was intended to be made, as required by the statute in force at that time, which objection was overruled, and to which ruling the plaintiff then and there duly excepted. Assuming, as argued by appellant's counsel, that the dedication and vacation of this town site were governed by chapter 84, p. 474, of the Laws of 1862, we think the evidence was properly received. The law of 1862 authorized and empowered the district courts, on application made by the proprietor of any town within the proper county, to alter or vacate the same, or any part thereof. It required the proprietor to give notice in writing of such intended application in at least two of the public places in the county wherein such town was situated, and to insert a copy thereof in a newspaper printed or in circulation in said county, if there was one, at least 40 days prior to the sitting of the court to which the proprietor intended to make his application, and contained the following provision: "If such applicant or applicants shall produce to said court satisfactory evidence that the notice required by the preceding section of this chapter has been given, the court shall proceed to hear and determine

said petition, and may alter or vacate said town or any part thereof, and order their proceedings thereon to be recorded by the clerk, with the records of said court." Laws 1862, p. 477, c. 84, §§ 13, 14, 15. As the law did not prescribe in what manner evidence of the required notice should be produced, and the judgment of the district court recites that satisfactory legal evidence of that fact was produced, it must be presumed, in the absence of any evidence to the contrary, that notice in writing was given in at least two of the most public places in the county. And if the recitals in the judgment are affected by the facts found in the publisher's affidavit, no want of jurisdiction is shown, because the law required but one insertion of the notice, and it appears that there was one at least 40 days prior to the sitting of the court at which the application was to be made. Therefore the conclusion cannot be avoided that the premises in controversy were not within a town plat after June 12, 1874.

Counsel for appellant asserts that the earliest homestead law adopted in the territory is found in the Session Laws of 1874-75, p. 164, c. 37, and that it was, so far as applicable to this action, the same as chaptor 38 of the Political Code of 1877, except that only 80 acres of farm land was exempted. If this be so, Metcalf's homestead rights were not affected by any acts of his in relation to the dedication or vacation of the Dell City town site done before such homestead rights existed. The Code of 1877 provided that, if within a town plat, the homestead must not exceed one acre in extent, and, if not within a town plat, it must not embrace, in the aggregate, more than 160 acres. Pol. Code 1877, c. 38, § 8. The indebtedness evidenced by plaintiff's judgment was created in 1878. So far as

it is concerned, the statute enacted in 1874-75 continues to be in force. The act of 1890, amending the then existing homestead law, contains these provisions: "Nothing in this act shall be so construed as to impair the obligations of existing contracts, or to reduce the exemptions so far as existing contracts are concerned." "All acts and parts of acts in conflict with this act are hereby repealed, save only as to contracts now existing and to indebtedness incurred thereunder, and to removals [renewals] of existing obligations and indebtedness without a new consideration." Laws 1890, pp. 202, 203, c. 86, §§ 2, 5.

We think the learned circuit court was justified in finding that Eli F. Metcalf held and occupied the premises as his homestead from June 12, 1874, until he conveyed the same to his son, and in concluding that plaintiff's judgment never became a lien thereon. Its judgment is affirmed.